U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

FEB 21 2012

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALLISON KEAY ................................................. PLAINTIFF

VS.                         CASE NO. 12-5031

CHAD PASCHALL, M.D.,
MEDICAL ASSOCIATES OF NORTHWEST ARKANSAS, P.A.
d/b/a FAYETTEVILLE DIAGNOSTIC CLINIC, LTD., and
NORTH HILLS GASTROENTEROLOGY
ENDOSCOPY CENTER, INC. ............................................ DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, ALLISON KEAY, by and through her undersigned attorneys, and for her Complaint against the Defendants, CHAD PASCHALL, M.D., MEDICAL ASSOCIATES OF NORTHWEST ARKANSAS, P.A. d/b/a FAYETTEVILLE DIAGNOSTIC CLINIC, LTD., and NORTH HILLS GASTROENTEROLOGY ENDOSCOPY CENTER, INC., states and alleges as follows:

### PARTIES

1. The Plaintiff, Allison Keay, currently resides at 9119 Corby Avenue, Santa Fe Springs, California.

2. Ms. Keay resided in Benton County, Arkansas at the time of the acts complained of here.

1

3. The Defendant Chad Paschall, M.D. is and was at all times relevant to this complaint a physician licensed to practice medicine in the State of Arkansas.

4. At all times relevant to this complaint, Dr. Paschall represented and held himself out to the public and to Ms. Keay as a specialist in the field of gastroenterology and held board certification in the field of gastroenterology.

5. Dr. Paschall can be served with process at North Hills Gastroenterology Endoscopy Center, Inc., located at 3344 North Futrall Drive, Fayetteville, Arkansas 72703.

6. At all times relevant to this complaint, Dr. Paschall was employed to practice medicine as a specialist in the field of gastroenterology by North Hills Gastroenterology Endoscopy Center, Inc. ("North Hills, Inc."), an Arkansas for-profit corporation.

7. At all times relevant to this complaint, Dr. Paschall held an ownership interest in North Hills, Inc.

8. Dr. Paschall's actions, commissions, inactions, omissions and/or medical negligence are vicariously imputed to North Hills, Inc. under the doctrine of Respondeat Superior.

9. North Hills, Inc. can be served with process via its registered agent Gary A. Thomas, whose address is 3344 North Futrall Drive, Fayetteville, Arkansas 72703.

10. At all times relevant to this complaint, Dr. Paschall was employed to practice medicine as a specialist in the field of gastroenterology by Fayetteville Diagnostic Clinic, L.T.D. ("Fayetteville Diagnostic Clinic"). Fayetteville Diagnostic Clinic was a fictitious name, registered with the Arkansas Secretary of State's office, for

Medical Associates of Northwest Arkansas, P.A. ("MANA"), an Arkansas for-profit professional association.

11. Fayetteville Diagnostic Clinic / MANA has as its registered agent Jason Wilson, whose address is 3383 N. Mana Court, Suite 201, Fayetteville, Arkansas 72703.

12. Dr. Paschall was at all times relevant to this complaint a member, owner principal, agent, servant and/or employee of Fayetteville Diagnostic Clinic / MANA.

13. Dr. Paschall's actions, commissions, inactions, omissions and/or medical negligence are vicariously imputed to Fayetteville Diagnostic Clinic / MANA under the doctrine of Respondeat Superior.

14. Defendants JOHN and JANE DOES 1 through 5 are the currently unknown medical, nursing, and other healthcare providers and entities, insurers, and employees or agents of all said Defendants, entities, and individuals, charged with caring for and treating Allison Keay at North Hills, Inc. and/or Fayetteville Diagnostic Clinic or owning, operating, controlling, insuring or managing them at the times and dates relevant to this complaint. The Plaintiff's attorney has filed with this Complaint an Affidavit attesting that the identities of Defendants JOHN and JANE DOES 1 through 5 are unknown at this time, as required by Ark. Code Ann. 16-56-125.

15. Upon determining the identity of any unknown tortfeasor, Ms. Keay will amend the complaint by substituting the real name of the tortfeasor for the pseudo-name.

## JURISDICTION & VENUE

16. All of the alleged events and acts of medical negligence and breach of the standard of care by the Defendants occurred in Fayetteville, Washington County, Arkansas while the named Defendants provided medical care or failed to provide proper medical care to Allison Keay, a patient of Dr. Paschall, North Hills, Inc. and Fayetteville Diagnostic Clinic.

17. This cause of action is one of medical malpractice and negligence that occurred in Washington County, Arkansas, which resulted in damages to Allison Keay.

18. This Court has subject-matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a) as complete diversity exists between the parties and the amount in controversy exceeds $75,000.

19. This Court has personal jurisdiction over all parties to this cause of action.

20. Venue is proper in the Western District of Arkansas, Fayetteville Division pursuant to 28 U.S.C. §1391 (a) & (c).

## FACTS

21. On February 23, 2010, Dr. Paschall examined Allison Keay, aged 54 at the time, for a new patient consultation at the request of Dr. James Bilyeu.

22. For the six (6) months before Dr. Paschall's initial consultation with Ms. Keay, Ms. Keay had suffered from Dysphagia, or difficulty swallowing.

23. Dr. Paschall's consultation record of February 23, 2010 indicates that Ms. Keay's difficulty with swallowing occurred most often when she took pills, causing a sensation of something being stuck in her esophagus. Additionally, the consultation

record indicates that Ms. Keay suffered a pain in her chest that radiated through her back and into her epigastric area.

24. Dr. Paschall's consultation record of February 23, 2010 also indicates that Ms. Keay's difficulty had occasionally resulted in vomiting and that her difficulty resulted with both food and liquid.

25. Dr. Paschall's consultation record of February 23, 2010 contains his differential diagnosis that included "Schatzki's ring or esophageal stricture, eosinophilic esophagitis, as well as an esophageal motility disorder given her dysphagia to liquids."

26. In his consultation record of February 23, 2010, Dr. Paschall opines that Ms. Keay needed an upper endoscopy ("EGD") for additional evaluation of her condition, and Dr. Paschall planned to perform an esophageal dilation at the time of the EGD if a stricture was seen during the EGD.

27. On February 25, 2010, Dr. Paschall performed the EGD on Ms. Keay by introducing an endoscope through Ms. Keay's mouth and down her esophagus.

28. During the EGD, Dr. Paschall discovered that Ms. Keay had a Schatzki's ring in the gastroesophageal junction.

29. After the EGD, Dr. Paschall performed an esophageal dilation of Ms. Keay's esophagus using an 18 mm (54 French) Savary dilator.

30. During the esophageal dilation procedure using the 18 mm (54 French) Savary dilator, Dr. Paschall did not use a guide wire.

31. Dr. Paschall noted in his EGD report that Ms. Keay tolerated the procedure well and that no complications occurred.

32. Very soon after her procedure, Ms. Keay began having chest pain, and a CT scan of her chest was performed.

33. The post-operative CT scan indicated that Ms. Keay had suffered an esophageal perforation during the dilation procedure.

34. As a result of the esophageal perforation Ms. Keay was taken immediately to Washington Regional Medical Center ("WRMC") where Dr. Russell Wood performed emergency surgery to repair the perforation.

35. The esophageal perforation suffered by Ms. Keay was approximately 5 cm in length.

36. Ms. Keay, as a result of the esophageal perforation and ensuing surgery to repair it, remained in the hospital until March 5, 2010.

37. On or about March 23, 2010, Ms. Keay presented to the Emergency Room of WRMC. While at WRMC, it was discovered that her esophageal repair had ruptured. Ms. Keay then underwent an additional procedure to repair the leak.

38. Before the procedure performed by Dr. Paschall on February 25, 2010, Ms. Keay had not sustained the esophageal perforation or any of the subsequent physical or mental injuries set forth in this complaint.

39. As a direct and proximate result of the negligent conduct of Dr. Paschall, North Hills, Inc. and Fayetteville Diagnostic Clinic/MANA, Ms. Keay received extensive medical care and treatment.

40. Dr. Paschall, North Hills, Inc. and Fayetteville Diagnostic Clinic/MANA's negligent conduct directly and proximately caused Ms. Keay extensive physical injury, pain and suffering, and mental pain, anguish and suffering.

## CAUSE OF ACTION FOR MEDICAL NEGLIGENCE

41. Ms. Keay incorporates by reference each allegation set forth in the preceding paragraphs of this complaint word for word.

42. Dr. Paschall, North Hills, Inc. and Fayetteville Diagnostic Clinic/MANA owed a duty to Allison Keay to practice medicine within the standard of care applicable to a gastroenterologist in Fayetteville, Arkansas.

43. Dr. Paschall, North Hills, Inc. and Fayetteville Diagnostic Clinic/MANA breached that standard of care as each failed to possess and apply with reasonable care that degree of skill and learning ordinarily possessed and used by members of their profession, in good standing, engaged in the same type of service or specialty in Fayetteville, Arkansas or a similar community.

44. The medical negligence of Dr. Paschall, North Hills, Inc. and Fayetteville Diagnostic Clinic/MANA includes, but is not limited to, the following:

    a. Dr. Paschall performed the dilation of Ms. Keay's esophagus using a Savary dilator with a diameter of 18 mm (54 French); given Ms. Keay's history and symptoms as recorded in Dr. Paschall's initial consultation notes, the diameter of the rigid Savary dilator used was inappropriately large for the initial dilation;

    b. Given Ms. Keay's history and symptoms, Dr. Paschall should have used a significantly smaller-diameter dilator and worked progressively to a larger one; and

    c.    Dr. Paschall did not use a guide wire during the dilation procedure despite the use of the rigid Savary dilator which requires the use of a guide wire.

45.    The breaches of the standard of care by Dr. Paschall, North Hills, Inc. and Fayetteville Diagnostic Clinic/MANA directly and proximately caused Allison Keay's injuries and damages.

46.    Ms. Keay specifically alleges and avers that she knows of no other person or entity, except those referred to here, who provided medically negligent care which caused or contributed to cause, either directly or indirectly, the injuries and/or damages she suffered as described here.

## DAMAGES

47.    Ms. Keay is entitled to recover for the following elements of damages that resulted from the defendants' negligence:

    a.    the nature, extent and permanency of her injuries;

    b.    severe physical pain suffered in the past and likely to be suffered in the future;

    c.    severe emotional pain and distress and mental anguish suffered in the past and likely to be suffered in the future;

    d.    pecuniary loss suffered in the past and likely to be suffered in the future;

    e.    all medical expenses incurred by Ms. Keay and likely to be incurred by Ms. Keay in the future to treat the injuries directly and proximately caused by the defendants; and

  f.  Any and all compensatory and pecuniary injuries suffered by Ms. Keay

### JURY DEMAND

48. Ms. Keay requests a trial by jury.

WHEREFORE, Allison Keay prays for judgment against Dr. Chad Paschall, North Hills Gastroenterology Endoscopy Clinic, Inc. and Medical Associates of Northwest Arkansas, P.A. d/b/a Fayetteville Diagnostic Clinic, in an amount in excess of the amount required for federal jurisdiction pursuant to 28 U.S.C. § 1332, for costs, attorney fees, and all other relief to which the Plaintiff is entitled or the Court deems just and proper.

DATED this 16 day of February 2012.

        Respectfully submitted,

        ALLISON KEAY, Plaintiff

By: _____
   David R. Matthews, Its Attorney
   Arkansas Bar # 76072
   Jeremy S. Ament, Its Attorney
   Arkansas Bar # 2008190
   North Carolina Bar #41991
   Texas Bar #24076240
   MATTHEWS, CAMPBELL, RHOADS, McCLURE & THOMPSON, P.A.
   119 South Second Street
   Rogers, Arkansas 72756-4525
   (479) 636-0875  (479) 636-8150 – Fax